JAMES KNIGHT, JAMES H. WEST, AND ROBERT SARGEANT, PLAINTIFFS IN ERROR, *v.* AUGUSTUS SCHELL.

When barrels are manufactured in the United States and shipped empty to Cuba, there filled with molasses, and brought back to the United States, the duty must be levied upon the value of the barrels, as well as upon the molasses. This conclusion rests upon the following reasons: Molasses barrels, under such circumstances, have been applied to the commercial use for which they were manufactured, and on their re-importation here, even if fit for a second voyage, seldom or never have the same value as when new. When filled in the foreign market, re-imported here, and offered at the custom-house for entry, they have then acquired a new character within the meaning of the revenue laws. With their contents they are then denominated packages, from which one in ten must be selected and ordered to the public stores for appraisement, and as such constitute a part of the charges of importation.

The acts of Congress, and the uniform interpretation placed on them by the Treasury Department, require this to be done.

THIS case came up on a certificate of division in opinion between the judges of the Circuit Court for the southern district of New York.

The question was, whether barrels manufactured in the United States and exported empty to Cuba, and afterwards brought back to the United States filled with molasses purchased in Cuba, were brought back "in the same condition as when exported," according to the true intent and meaning of the acts of Congress in that behalf.

On which question the opinions of the judges were opposed.

Wherefore, on motion of the plaintiffs' counsel, at the same term, it is ordered that the point on which the disagreement hath happened be stated, under the direction of the judges. and certified under the seal of this court to the Supreme Court to be finally decided, and that the foregoing state of the plead-

ings, and the following statement of facts, which is made under the direction of the judges, be certified according to the request of the defendant, by his counsel, and the law in that case made and provided.

It was proved on the trial that the plaintiffs, in the year 1859, imported from Matanzas 728 barrels of molasses by the brig Irene; 301 barrels of molasses by a vessel called the Yumuri; and 120 barrels of molasses by a vessel called the Trovatore; that the barrels containing the molasses were manufactured by the plaintiffs at Newburg, in the State of New York, and shipped from the port of New York empty to Matanzas, where they were filled with molasses, and returned in the three vessels above named to the port of New York; that said barrels were made up and completed in every respect before they were shipped to Cuba. They were returned, most of them, in the same vessels that carried them out from New York, and all of them in the same condition in which they were shipped or carried out from New York, except being filled with molasses.

They were filled with molasses at Cuba. When these barrels were brought back from Cuba filled with molasses, in the vessels above referred to, the collector claimed that the barrels themselves were dutiable, and that they were not entitled to entry duty free. He claimed a duty upon them at the rate of 24 per centum of their value at Cuba, and refused to allow them to be entered unless such duty was paid; that the plaintiffs paid to the defendant that portion of the said duties which was upon the separate value of said barrels under protest, claiming that said barrels were not legally subject to the payment of any duty, but were exempt from duty by virtue of the provisions of the 47th section of the act of Congress of March 2, 1799, and of Schedule I of the existing tariff.

The plaintiffs thereupon, having complied in all respects with the provisions of section fifth of the act of March 3, 1857, entitled "An act reducing the duties on imports, and for other purposes," brought this action to recover back the sum so paid under protest, as duties upon said separate value of said bar-

rels, within the time prescribed in said act for bringing the same.

It was submitted on printed arguments by *Mr. Williams* for the plaintiffs, and *Mr. Black* (Attorney General) for the defendant.

Mr. Justice CLIFFORD delivered the opinion of the court.

This case comes before the court on a certificate of division of opinion from the Circuit Court of the United States for the southern district of New York. It was an action of assumpsit, brought by the present plaintiffs against the defendant, as the collector of the port of New York, to recover back certain duties paid by the plaintiffs under protest, upon certain barrels, in which molasses was imported into the United States from Matanzas.

It was proved, on the trial, that the plaintiffs, in the year 1859, imported from Matanzas 728 barrels of molasses by the brig Irene, 301 barrels of molasses by a vessel called the Yumuri, and 120 barrels of molasses by a vessel called the Trovatore; that the barrels containing the molasses were manufactured by the plaintiffs at Newburg, in the State of New York, and shipped from the port of New York empty to Matanzas; where they were filled with molasses, and returned in the three vessels above named to the port of New York; that the barrels were made up and completed in every respect before they were shipped to Cuba. They were returned, most of them, in the same vessels that carried them out from New York, and all of them in the same condition in which they were shipped or carried out from New York, except being filled with molasses.

They were filled with molasses at Cuba. When the barrels were brought back from Cuba filled with molasses, in the vessels above referred to, the collector claimed that the barrels themselves were dutiable, and that they were not entitled to entry duty free. He claimed a duty upon them at the rate of 24 per centum of their value at Cuba, and refused to allow them to be entered, unless such duty was paid; that the

plaintiffs paid to the defendant that portion of the duties which was upon the separate value of the barrels under protest, claiming that the barrels were not legally subject to the payment of any duty, but were exempt from duty by virtue of the provisions of the 47th section of the act of Congress of March 2, 1799, and of Schedule I of the existing tariff.

The plaintiffs thereupon, having complied in all respects with the provisions of section fifth of the act of March 3, 1857, entitled "An act reducing the duties on imports, and for other purposes," brought this action to recover back the sum so paid under protest, as duties upon the separate value of the barrels, within the time prescribed in said act for bringing the same.

Upon the foregoing facts, the question arose whether barrels manufactured in the United States, and exported empty, and afterwards brought back to the United States filled with molasses purchased in Cuba, were brought back "in the same condition as when exported," according to the true intent and meaning of the acts of Congress in that behalf; and the opinion of the judges being opposed on that question, it was certified to this court for decision. By the act of the second of March, 1799, it is provided, that on any goods, wares, or merchandise, of the growth or manufacture of the United States, which may have been exported to some foreign port or place, and brought back to the United States, and upon which no drawback bounty or allowance has been made, no duty shall be demanded. 1 Stat. at Large, 662. Among other things, the ninth section of the act of the 30th of August, 1842, provides that all goods, wares, and merchandise, the growth, produce, or manufacture of the United States, exported to a foreign country, and brought back to the United States, shall be exempt from duty. 5 Stat. at Large, 560. Dutiable articles, and those exempt from duty, are arranged in schedules by the act of the 30th of July, 1846, and the schedule of the latter class embraces goods, wares, and merchandise, the growth, produce, or manufacture of the United States, exported to a foreign country, and brought back to the United States *in the same condition as when exported.* 9 Stat. at Large, 49. To entitle the article to entry free

*Knight et al.* v. *Schell.*

of. duty, it must also appear that it is one on which no draw-back or bounty has been allowed. It will be observed, that the prior acts of Congress did not require that the goods should be brought back in the same condition as when exported, in order to entitle the importer to claim that they should be admitted to entry as included in the free list. That language is retained in the act of the third of March 1857, without any alteration or amendment; so that although it may appear that the goods were the growth, produce, or manufacture of the United States; that they were exported to a foreign country, and brought back to the United States; still, unless it also appears they were so brought back in the same condition as when exported, the collector of the port is not authorized to admit them to entry free of duty.

Molasses barrels exported empty, when new, to Matanzas, and there filled, and, with their contents, brought back to the United States, cannot truly be said to be in the same condition as when they were exported. Oftentimes, when emptied of their contents, they are unfit for a second voyage, and seldom or never afterwards have the same market value as when they were new. When filled in the foreign port, the barrels have been applied to the commercial use for which they were manufactured; and when shipped with their contents, brought back to the United States, and are offered with their contents by the importer for entry at the custom-house, they have then, in respect to the revenue laws of the United States, acquired a new character. For all the purposes of appraisement, with a view to ascertain the dutiable value of the importation, the barrels, if filled, are regarded with their contents as packages; and it is the duty of the collector, by the express words of the statute, to order one in ten of the packages to the public store. Examination of the selected packages is then made by the local appraisers; and in case of appeal, the same packages are required to remain in the public store, and frequently constitute the only attainable basis of the subsequent adjudication by the merchant appraisers. Such packages are ordered to the public store in the same condition as when imported, and it is not possible to doubt

that Congress intended to include, in the words one in ten of the packages, the covering of the importation, if belonging to the merchant, as well as the contents within it. Confirmation of these views, if any be needed, may be found in the almost unbroken practice of the Treasury Department. Take, for example, the Treasury circular of the twenty-sixth of November, 1846, and it will be found that it fully justifies the conclusion to which we have come.

By that circular the several collectors were informed that—

"The principle upon which the appraisement is based is this: That the actual value of articles on shipboard at the last place of shipment to the United States, including all preceding expenses, duties, costs, charges, and transportation, is the foreign value upon which the duty is to be assessed. The costs and charges that are to be embraced in fixing the valuation, over and above the value of the article at the place of growth, production, or manufacture, are—

"The transportation, shipment, and transhipment, with all the expenses included, from the place of growth, production, or manufacture, whether by land or water carriage, to the vessel in which shipment is made to the United States. Included in these estimates is the value of the sack, *package, box, crate, hogshead,* barrel, bale, cask, can, and covering of all kinds, bottles, jars, vessels, and demijohns." Mayo Comp., 350, 351.

Casks, including barrels, as well as hogsheads, exported from the United States empty, and returned filled, have almost invariably, since the passage of the tariff act of the twentieth of July, 1846, been included among the dutiable charges, although of American manufacture, on the ground that, when so filled and brought back, they were not in the same condition as when exported, within the meaning of the provision of that act. Mayo Comp., 407. That construction has been affirmed by the Treasury Department, since the passage of the appraisement act of the third of March, 1851, as will appear by reference to the Treasury circular adopted shortly after its passage. By that circular the Department declares that

*Knight et al. v. Schell.*

"The law enjoins that there shall be added 'all costs and charges, except insurance, and including, in every case, a charge for commissions at the usual rates.' These charges are as follows, to wit:

"They must include 'purchasing, carriages, dyeing, bleaching, dressing, finishing, putting up, and packing,' *together with the value of the sack, package, box, crate, hogshead, barrel, bale, cask, can, and covering of all kinds, bottles, jars, vessels, and demijohns.*"

Without pursuing the discussion further, suffice it to say, that we are all of the opinion that the question under consideration must be answered in the negative, and we accordingly direct that it be certified to the court below, as the opinion of this court, that barrels manufactured in the United States, and exported empty to Cuba, and afterwards brought back to the United States filled with molasses purchased in Cuba, were not brought back "in the same condition as when exported," within the true intent and meaning of the acts of Congress in that behalf.

### ORDER.

This cause came on to be heard on the transcript of the record from the Circuit Court of the United States for the southern district of New York, and on the point or question upon which the judges of the said Circuit Court were opposed in opinion, and which was certified to this court for its opinion, agreeably to the act of Congress in such case made and provided, and was argued by counsel. On consideration whereof, it is the opinion of this court that barrels manufactured in the United States, and exported empty to Cuba, and afterwards brought back to the United States filled with molasses purchased in Cuba, are not brought back in the same condition as when exported, according to the true intent and meaning of the acts of Congress in that behalf. Therefore it is now here ordered by the court that it be so certified to the said Circuit Court.